IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     Plaintiff/Respondent, | § | |
| v. | § | Cr. No. 2:15-1110-1 |
| | § | (CA. No. 2:16-344) |
| GUADALUPE REYNA-MEDINA. | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant/Movant Guadalupe Reyna-Medina (Reyna-Medina) filed a motion vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 26. Pending before the Court is the Government's motion for summary judgment based upon Reyna-Medina's waiver of her right to collaterally attack her sentence (D.E. 37), to which Reyna-Medina filed a reply (D.E. 38).

**I. BACKGROUND**

Reyna-Medina pled guilty pursuant to a written plea agreement to transportation of an undocumented alien in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(ii). In exchange for her guilty plea and waiver of her right to appeal or to file a motion pursuant to 28 U.S.C. § 2255, the Government agreed to recommend a sentence within the applicable guideline range and to recommend maximum credit for acceptance of responsibility.

The Probation Department prepared a Presentence Investigation Report (PSR). Reyna-Medina's base offense level was 12. The PSR included increases for previous felony immigration violations, using a minor to commit the offense, and for obstruction of justice because Reyna-Medina claimed to be a United States citizen. Her final offense level was 20 before credit for acceptance of responsibility. Reyna-Medina had four previous felony immigration convictions in 2003, 2004, 2005, and 2008. Her criminal history category was V.

Her sentencing guideline range was 63 to 78 months, with a maximum statutory sentence of five years. Counsel objected to the imposition of obstruction of justice and attached a Declaration of Birth that reflected that Reyna-Medina was born in Brownsville, Texas.

At sentencing, the Court sustained Reyna-Medina's objection to application of obstruction of justice. That change reduced her offense level to 15 after acceptance of responsibility. Her guideline sentencing range was reduced to 37 to 46 months' imprisonment. The Court sentenced her to 46 months' imprisonment to be followed by three years' supervised release. Judgment was entered on May 24, 2016. Reyna-Medina did not appeal.

## II. MOVANT'S CLAIMS

Reyna-Medina challenges the Court's application of obstruction of justice and use of a minor to calculate her sentence. She also argues that her sentence was erroneously increased for a crime of violence that no longer applies after *Johnson v. United States*, 135 S.Ct. 2551 (2015). Reyna-Medina finally complains that her counsel's failure to object to the PSR constituted ineffective assistance of counsel.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of

injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## B. Waiver of Right to File a § 2255 Motion

Reyna-Medina waived her right to file a motion to vacate by the terms of her plea agreement. D.E. 14, ¶ 7. She did not address the waiver in her motion. The Government urges the Court to enforce the waiver.

Reyna-Medina does not argue that counsel was ineffective before her guilty plea, but only after the plea and at sentencing. Her claim of ineffective assistance does not automatically relieve her of the waivers of appeal and § 2255 post-conviction proceedings. *See United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). In *White*, the court decided there was "no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently." *Id*. at 343 (internal citations omitted).

Reyna-Medina was questioned at rearraignment regarding her understanding of the charges against her, was informed of the maximum punishment, swore she was not promised leniency for her plea or promised a specific sentence, and testified that she understood that her sentencing range would be calculated using the Sentencing Guidelines. D.E. 33, pp. 10-12, 13-16. She was also questioned regarding the plea agreement including her waiver of the right to

appeal and the right to file a § 2255 motion. Reyna-Medina testified she understood the plea agreement and understood that she was waiving these rights.[1]

Courts give great weight to a defendant's statements during the plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002); *see also United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (placing great weight on defendant's statements during plea); *United States v. Maldonado-Rodriguez*, 64 F.3d 719, 733 (1st Cir. 1995) (giving credence to defendant's representations at plea hearing that he had not been pressured).

Reyna-Medina's testimony that she understood she was waiving her right both to appeal (except under certain circumstances) and to file any § 2255 motion is all that is required for her waiver to be enforceable. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("a defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and

---

[1] THE COURT: Okay, all right.
I need to discuss a particular provision in the agreement with each of you. It's in paragraph 7 of each agreement, the waiver of the certain rights to appeal.
. . . were you aware this waiver was in the agreement before you signed it? . . .
THE COURT: And were you, Ms. Reyna?
DEFENDANT REYNA: Yes, sir.
THE COURT: Did both of you discuss the waiver with your lawyer? . . .
DEFENDANT REYNA: Yes, sir.
THE COURT: Were each of you aware that by signing this agreement with this provision in it you waive not only your right to directly appeal your conviction and your sentence, you waive the right to collaterally attack it under a federal statute, 28, United States Code, 2255. Are each of you aware of that? . . .
DEFENDANT REYNA: Yes, sir. . . .
THE COURT: All right.
Ms. Reyna, do you feel like you understand how It's going to affect your rights?
DEFENDANT REYNA: Yes, sir.
THE COURT: Do you have any questions you'd like to ask me about it?
DEFENDANT REYNA: No, sir.

D.E. 33, pp. 12-13.

voluntary"). The Court finds that Reyna-Medina's plea agreement and her waiver of § 2255 rights contained therein are valid and enforceable. *Id*. Reyna-Medina's claims fall within the scope of her waiver and are barred from consideration.[2]

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Reyna-Medina has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

---

[2] The Court notes that several of Reyna-Medina's complaints are inconsistent with the record. Counsel objected to the PSR and the objection was sustained which reduced her offense level. Her offense level was not increased based upon a crime of violence, but rather based upon her previous immigration convictions.

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Reyna-Medina cannot establish at least one of the *Slack* criteria. Accordingly, she is not entitled to a COA as to her claims.

## V. CONCLUSION

For the foregoing reasons the United States' motion for summary judgment (D.E. 37) is **GRANTED**, Reyna-Medina's motion to vacate, set aside, or correct sentence (D.E. 26) is **DENIED,** and this action is **DISMISSED** with prejudice. Additionally, she is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 5th day of June, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE